Bissell, J.
The question presented by the record is one of gravity to the parties in this action, but is of little consequence to the profession. The superior court has been abolished, and the act to be construed entirely repealed, and the question to be determined is therefore of slight general interest. The importance of the decision to the parties to the action is the only excuse for a citation of the statutes, and the assignment of the reasons upon which the decision is based. The act creating the court contains but one section which specifically relates to the matter of the present inquiry, viz.:—the right of trial by jury in these actions in the superior court. The question cannot be answered by a consideration of that section. It is neither definite, absolute nor unequivocal, and under these circumstances may be taken to be controlled as to its implications by other portions of the act. To construe the act with reference to this matter it is essential to ascertain what jurisdiction was granted, and whether that jurisdiction was, as to particular actions, subject to any limitations which were expressed in the statute, *73 or -which necessarily resulted from the fact that the jurisdiction conferred was of itself limited. It will be useful first to inquire whether the jurisdiction-of the district courts was in anywise limited in respect of this matter, since it will appear that this was the only jurisdiction conferred upon the superior court. A discussion as to the extent and scope of the jurisdiction of chancery courts in actions for divorce is wholly unnecessary. It may be conceded at the outset, that originally, when triable at all by such tribunals, these causes were triable only by the procedure which was suited to courts of equity, and which always prevailed in them. By analogy, wherever the action for divorce existed by statute, and there was no provision made with reference to the method of trial the courts always followed the established practice in those particulars, tried the cases as in equity, and rendered such decree as the statute and the case warranted. It must be conceded that in this state the cause of action for divorce is purely statutory. No suit for divorce will lie unless it be based upon sojne one of the statutory grounds, and unless it be brought in the manner prescribed. When, therefore, litigants are by statute given the right to bring suits in the district court for the dissolution of their matrimonial obligations upon certain specified grounds, and the statute imposes certain restrictions and limitations, either as to the right, of action or as to the method of procedure, those conditions must be complied with to entitle the court to render a decree ■in such suit. There might have been some embarrassment in the determination of this question, if the statute had simply provided that the district court sitting as a court of chancery should have jurisdiction, but it further enacted that the chancery process, practice and proceedings should be subject to the limitations expressed in the act. It therefore follows, that when the act subsequently provided that every issue of fact raised by a denial of the alleged grounds for divorce must be tried by a jury, such an issue could only be tried in that way, and the right to maintain an action for a divorce was subject to that particular and special limitation, and to' *74 disregard it, and try the case and render a decree without the verdict of a jury upon the issues, would be error, unless in some legally binding manner the party had waived the right. That the same result must follow when the superior court failed to observe the statutory requirement seems equally clear. By the terms of the act its jurisdiction was made concurrent with that of the district court. The jurisdiction was to be exercised within specified territorial limits over those subject matters of which the district court had general jurisdiction. The causes were to be tried by the same methods, and under the identical statutes regulating the practice, pleadings, and proceedings in the district court. It cannot be urged, as in the case of the county court, that by virtue of its general chancery jurisdiction it might hear and determine according to the ancient chancery methods, because by the express terms of the statute creating it the only jurisdiction granted was one co-ordinate with that of the district court. This co-ordinate jurisdiction must thus be taken with every expressed limitation; the powers granted must be as general, and likewise as circumscribed, as those possessed by the district courts. There would thus seem to be no escape from the conclusion, that if the jurisdiction of the district court, in matters of divorce, was subject to the right of trial by jury where an issue of denial was made by the answer, that of the superior court could only be exercised under the same condition, and subject to the same restriction. The force of this position is sought to be avoided by reference to the 15th section, which provided for the method of summoning a jury in causes triable in that court. No other provision upon the subject, or having any bearing upon it, can be found in the act. That section only enacts that a jury shall be summoned in the manner provided for summoning juries in the county court. It places no limitation upon the right to a trial by jurjr, nor does it re-enact the section contained in the county court act by reference to it, nor does it, by inference or implication, adopt the limitation upon the right to a jury contained *75 in that provision. The right to a jury trial in the county court is undoubtedly dependent upon the prepayment of the fees of the jurors by the party who makes the demand. It is likewise true that the jury in that court is to be summoned by an open venire directed to the sheriff of the county, under the rules and regulations which may be adopted by the court for the purpose. But it is not easy to see in what way the method of procurement is at all affected by the limitation upon the right to a jury elsewhere expressed in the statute. Because it happens to be true that a litigant in the county court can only obtain a jury by a prepayment of the fees, that circumstance in no wise modifies, affects, or in any way relates to the mode of procuring the jury when once the right to it has attached. The two parts of the 'statute relate to two different subdivisions of the same general subject matter; the one having a relation to the right itself, and the other providing means by which the right shall be enforced' when it has once accrued. The true construction of section 15 of the superior court act is thus rendered apparent and easy. It did not attempt, either in terms or by implication, to re-enact the entire county court provision with reference to the matter of juries,—it simply enacted that a jury should be summoned in the manner provided by law for summoning jurors in the county court. It neither stated nor provided that the right to a jury should be subject to the limitations, or should be had upon the conditions, under which they might' be had in the county court, nor did it enact that parties might have juries as and when they might in such courts, and that such juries should be summoned under like conditions and circumstances as were provided for in the act relating to county courts, but, apparently by legislative intention, withheld all reference to the right of trial by jury, and made only that portion of the statute applicable which related to the method of procurement; the language being, “ when a party is entitled, it shall be summoned in the manner provided for summoning juries ” etc. Had the statute provided that a party might have a jury to try the issue as *76 in the county court, or under like circumstances and upon like terms, which should he summoned in the manner provided by law for the summoning of jurors in that tribunal, no question could have been raised in the premises. A careful selection of such phraseology as would only relate to the method of procurement, when less than half a dozen words would have made plain their intention and impose a condition upon the right, renders it evident that the legislature had no such purpose. To import, by an unnecessary construction, a condition into a statute which would have such an important effect upon the rights of parties in this class of causes would be a violation of all well recognized canons of statutory construction. The unwisdom of importing a condition into a statute is easily seen when once the nature of the cause of action is considered. The interests of good morals and of society require that these actions should be surrounded by every impediment which would either tend to prevent their increase, or to render an unjust result impossible. Publicity creates a wall over which none but just suitors can climb. For many years it has been patent to all courts, and to all observant citizens, that there is no class of controversies in which the courts are more frequently imposed upon, and the right more often defeated, than in suits of this description. The policy of the legislature in its enactment upon the subject of divorce and alimonjr is plainly foreshadowed by the provisions with reference to trials by jury. It should be followed and enforced by the courts, unless in plain terms, or by necessary statutory construction a different rule has been declared applicable to actions of this description. Various other errors have been assigned and discussed by counsel in their briefs, but they are not likely to be of importance upon the subsequent trial of the case. The case is reversed and remanded.

Reversed.